UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRISCOE JONES,

    Petitioner,

  v.            CAUSE NO. 3:18CV90-PPS/MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Briscoe Jones, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the prison disciplinary hearing where a Disciplinary Hearing Officer found him guilty of Possession or Use of a Controlled Substance in violation of Indiana Department of Correction offense code B-202. ECF 2 at 1; ECF 6-3 at 1. He was sanctioned with the loss of 30 days of earned credit time. ECF 6 at 2; ECF 6-3 at 1. The Warden responded to the petition, and despite a lengthy extension afforded to Jones, he has never filed a traverse.

Jones raises three grounds for relief. Though they are worded differently, both Grounds One and Three assert that there was insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine

whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here are the facts. Guards were called to Jones's cell on July 21, 2017, at approximately 10:28 a.m. in response to screaming. ECF 6-3 at 6. When they arrived, there was a "strong burnt chemical smell present." *Id*. at 12. Jones's cellmate was initially discovered on the floor by the door screaming and was later noted to be unresponsive. *Id*. at 6–8; ECF 6-1. When his cellmate regained consciousness, he seemed confused, was unable to state his name, was using slurred speech, and was not compliant with staff instructions. ECF 6-3 at 7, 12. Both Jones and his cellmate were escorted to medical. ECF 2 at 3; ECF 6-1; ECF 6-3 at 6. Once there, Jones told the nurse, "I'm high. I do it every day I can." ECF 6-3 at 2. The medical report, dated July 21, 2017 at 11:00 a.m., indicates that a physical examination was performed, and reports the nurse's observations including that Jones was laughing inappropriately and had watery, slightly red eyes. *Id*. at 4.

2

Based on this evidence, it was not unreasonable or arbitrary for the hearing officer to have concluded that Jones was guilty of Possession or Use of a Controlled Substance. In addition to witness accounts placing Jones in a cell smelling of burnt chemicals with a screaming and unresponsive cellmate on the floor, the hearing officer had a contemporaneous admission from Jones that he was high and documentation of a physical examination consistent with that conclusion. While Jones argues that all of the statements given by the guards describe his cellmate's reaction to the illegal substance rather than his own, the evidence detailed above is enough to provide a factual basis for Jones's guilt whether or not his cellmate was also guilty. *McPherson*, 188 F.3d at 786.

Jones's unsupported argument that the medical report contains incorrect information that may have been mixed up with that of his cellmate is unavailing because this is an invitation for the court to reweigh the evidence and/or assess the nurse's credibility, which I will not do. *Webb*, 224 F.3d at 652. Similarly, while Jones argues that the medical report is suspect because he was not given a drug test at the time of the incident, the prison staff was not obligated to perform drug testing, especially in light of Jones's own admission that he was high. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *see also Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006) and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (both noting that inmates are not entitled to laboratory testing). Because the hearing officer was entitled to rely on the medical report itself and weigh its significance accordingly, I will not disturb his

findings as it is clear that "some evidence" of Jones's guilt exists in the record. *Webb*, 224 F.3d at 652.

In Ground Two, Jones argues that he is entitled to relief because "there was no medical report during the first screening." ECF 2 at 2. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, the screening report indicates that Jones requested "medical paperwork" to bring to the hearing. ECF 6-2 at 1. However, the record also reflects that the hearing was postponed in order to obtain medical records, and it is undisputed that the medical report was available by the rescheduled hearing date and was considered by the hearing officer in reaching the decision. *Id*. at 3; ECF 6-3 at 1. Thus, although Jones may not have received the medical report when initially requested, due process was satisfied because it was presented to and reviewed by the hearing officer at the disciplinary hearing. *Hill*, 472 U.S. at 454.

ACCORDINGLY:

Briscoe Jones' habeas corpus petition (ECF 2) is DENIED. The Clerk is directed to CLOSE this case.

SO ORDERED on February 25, 2019.

                                                           /s/ Philip P. Simon  
                                                           JUDGE  
                                                           UNITED STATES DISTRICT COURT